IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-93-019-CR




EX PARTE: RICHARD PARTAKA,


a/k/a RICHARD TESMER,



 APPELLANT



 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 0925970, HONORABLE JON N. WISSER, JUDGE PRESIDING


 





PER CURIAM

 This is an appeal from an order of the district court denying relief on appellant's
writ of habeas corpus. Tex. R. App. P. 44. Appellant seeks to prevent his extradition to
Nebraska.

 In his only point of error, appellant contends that his continued confinement
violates 18 U.S.C. § 3182 (1988). This statute reads:



 Whenever the executive authority of any State . . . demands any person as
a fugitive from justice, . . . the executive authority of the State . . . to which such
person has fled shall cause him to be arrested and secured, and notify the executive
authority making such demand, or the agent of such authority appointed to receive
the fugitive, and shall cause the fugitive to be delivered to such agent when he shall
appear. If no such agent appears within thirty days from the time of the arrest, the
prisoner may be discharged.



Appellant argues that the last sentence of the statute, despite its wording, requires that the prisoner
be discharged if he is not delivered to an agent of the demanding state within thirty days following
the issuance of the governor's warrant. Assuming that appellant's reading of the statute is correct,
we conclude that he did not show himself entitled to discharge from custody even though the
thirty-day period expired before the hearing in the district court.

 Appellant was arrested on a fugitive warrant on October 5, 1992. The following
day, appellant appeared before the district court and refused to sign a waiver of extradition. The
governor's warrant was issued on October 23 and served on appellant on October 26, at which
time he requested counsel. Appellant's original writ of habeas corpus was filed on December 8. 
The writ issued and a hearing was held on December 17. It was shown at the hearing that
Nebraska authorities had not been informed of appellant's arrest, at least in part because of the
desire to dispose of a motion to revoke appellant's probation pending in Travis County.

 The time limit prescribed by section 3182 is inapplicable when the fugitive himself
causes the delay by challenging extradition. Bowersox v. State, 790 S.W.2d 363 (Tex.
App.--Houston [14th Dist.] 1990, pet. ref'd). Appellant argues that this cause is distinguishable
from Bowersox because he did not file his petition for writ of habeas corpus until after the
statutory thirty-day time limit had run. We find this argument to be disingenuous, as it ignores
appellant's refusal to sign a waiver of extradition and his request for the appointment of counsel. 
We agree with the State that these were the actions of a person desiring to test the legality of his
arrest. A prisoner who wishes to challenge his arrest and extradition must be given a reasonable
time within which to apply for a writ of habeas corpus. Tex. Code Crim. Proc. Ann. art. 51.13,
§ 10 (West 1979). It is unlawful for an officer of the asylum state to deliver a prisoner to an agent
of the demanding state under these circumstances. Id. § 11. A prisoner cannot refuse extradition
and demand counsel, then engineer his discharge under section 3182 simply by delaying the filing
of his writ of habeas corpus. 

 We need not decide whether appellant would be entitled to discharge if the delay
in notifying Nebraska authorities had been occasioned solely by this State's desire to conclude its
proceedings against him. The point of error is overruled. 

 The order of the district court is affirmed.


[Before Chief Justice Carroll, Justices Aboussie and Jones]

Affirmed

Filed: February 24, 1993

[Do Not Publish]